UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:12-CR-01002 |
| | § | |
| MANUEL PENA; aka SUPER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING EXTENSION FOR FILING APPEAL

Defendant-Appellant Manuel Pena ("Pena") moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and the First Step Act on January 22, 2019. (D.E. 413). This Court denied Pena's motion on January 29, 2019 ("Order"). (D.E. 414). In order to appeal, Pena had to file notice within fourteen days, by February 12, 2019. Fed. R. App. P. 4(b)(1)(A)(i). Pena filed a notice of appeal in a letter dated on February 5, 2019, but the postal service cancelled the stamp on February 14, 2014, and the appeal was marked as filed on February 20, 2019, more than fourteen days after the Order. (D.E. 415). Thus, the circuit court remanded the appeal to this Court in order to determine whether Pena's appeal is entitled to an extension of time. (D.E. 418).

Under Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure, a notice of appeal by a defendant in a criminal case must be filed within fourteen days. Since this Court entered its order denying Pena's motion on January 29, 2019, Pena had until February 12, 2019 to file a timely notice of appeal. Rule 4(b)(4) allows this Court to grant Pena an additional thirty days in which to file a notice of appeal if the Court finds that the delay in filing was caused by excusable neglect or good cause. "The filing of an untimely notice of appeal within the additional thirty-day period is customarily treated by this Court in criminal cases as a motion for a determination

as to whether excusable neglect [or good cause] entitled a defendant to an extension of time to appeal." *United States v. Golding*, 739 F.2d 183, 184 (5th Cir. 1984) (per curiam) (internal quotes omitted); *see also United States v. Alegria-Campa*, 111 F. App'x 266, 267 (5th Cir. 2004).

"The good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." *See* Fed. R. App. P. 4 advisory committee's note, 2002 Amendments, Subdivision (a)(5)(A)(ii). This includes instances where it would be unfair to make the movant prove that the "neglect" was excusable, such as when the Postal Service fails to deliver a notice of appeal. *Id.* Here, although Pena's appeal was stamped filed on February 20, 2019, and the postal service cancelled the stamp on February 14, 2019, the notice of appeal was dated February 5, 2019, within the fourteen days of the order denying his motion. (D.E. 415). A two-day delay between the deadline for appeal and the postal service cancelling the stamp is reasonable given that Pena had to send his notice through the Bureau of Prisons' system. Thus, the Court finds good cause for Pena's delay in filing.

Pena's presumed motion for an extension of time to file his appeal is GRANTED and this Court returns his case to the circuit court for appropriate action.


SIGNED and ORDERED this 14th day of March, 2019.

_____
Janis Graham Jack
Senior United States District Judge